COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia


ANN M. HAYES

v.   Record No. 2386-94-4                    OPINION BY
                                    CHIEF JUDGE NORMAN K. MOON
DOUGLAS M. HAYES                         JANUARY 11, 1996

              FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                         Jay T. Swett, Judge

          Ann M. Callaway (Ann M. Callaway, P.C., on
          brief) for appellant.

          Jeffrey B. Rice for appellee.


     Ann M. Hayes appeals the trial court's equitable

distribution decree, in which the trial court ruled that it

lacked authority to order Douglas Hayes, appellee, to pay to Ann

M. Hayes loans made by her to him.  The trial court reasoned that

the loans, made for the benefit of the husband's separate

property, were separate as opposed to marital debts.  The judge

construed Code § 20-107.3(C) as not allowing the court to order

repayment of non-marital debts of the parties.  Because we hold

that Code § 20-107.3(C) authorizes the court to order such

payments, we reverse.

          Code § 20-107.3(C) provides in part:
          The court shall also have the authority to apportion
          and order the payment of the debts of the parties, or
          either of them, that are incurred prior to the
          dissolution of the marriage, based upon the factors
          listed in subsection E.

(Emphasis added).

Code § 20-107.3(E) provides:
The amount of any division or transfer of jointly owned
 marital property, and the amount of any monetary
award, the _apportionment of marital debts_, and the
method of payment shall be determined by the court
after consideration of the following factors:

1.  The contributions, monetary and nonmonetary, of
each party to the well-being of the family;

2.  The contributions, monetary and nonmonetary, of
each party in the acquisition and care and maintenance
of such marital property of the parties;

3.  The duration of the marriage;

4.  The ages and physical and mental condition of the
parties;

5.  The circumstances and factors which contributed to
the dissolution of the marriage, specifically including
any ground for divorce under the provisions of
subdivisions (1), (3), or (6) of § 20-91 or § 20-95;

6.  How and when specific items of such marital
property were acquired;

7.  The debts and liabilities of each spouse, the basis
for such debts and liabilities, and the property which
may serve as security for such debts and liabilities;

8. The liquid or nonliquid character of all marital
property;

9.  The tax consequences to each party; and

10.  Such other factors as the court deems necessary or
appropriate to consider in order to arrive at a fair
and equitable monetary award.

(Emphasis added.)

The trial court construed the phrase "debts of the parties"
as used in Code § 20-107.3(C) to mean "marital debt," as used in
§ 20-107.3(E), and defined "marital debt" as "that debt incurred
for the joint benefit of the parties during the marriage, rather

than a loan benefiting just one party's separate property."

The language of Code § 20-107.3(C), and its command to consider the factors listed in Code § 20-107.3(E), does not restrict the judge's discretion to order payment of the parties' non-marital debts to each other. The first paragraph of subsection E states that it is limited to the apportionment of marital debt. However, § 20-107.3(C) does not invoke the first paragraph of Code § 20-107.3(E). The only part of subsection (E) that is invoked in Code § 20-107.3(C) is the list of the ten factors. Nothing in that list restricts the trial court's authority to order payment of non-marital debts between the parties as permitted in Code § 20-107.3(C).[1]

The language of the statute is unambiguous: "The court shall also have the authority to apportion and order the payment of the debts of the parties, or either of them." The term "debt" is not limited. The authority to order payment of non-marital debt is only limited to the extent that the court must consider the factors in Code § 20-109.3(E) before ordering payment.

Furthermore, we conclude that the General Assembly intended that to the greatest extent possible, matters affecting the parties' estate be resolved in the divorce action. This is evidenced by the General Assembly's decision to amend Code

---

[1] We are not addressing payment of a non-marital debt owed to a non-party. See Woolley v. Woolley, 3 Va. App. 337, 341, 349 S.E.2d 422, 425 (1986)(holding that the court is not authorized to make an equitable distribution of marital property to a non-party).

- 3 -

§ 20-107.3(C) to permit partition of marital property and to allow allocation of debt to the parties. Consistent with the General Assembly's intent, we interpret Code § 20-107.3(C) to authorize the court to require payment of non-marital debt owed by one party to the other.

Here, it was necessary for the trial court to determine the parties' separate property. See Code § 20-107.3(A). The court could not make that determination without first determining whether Mr. Hayes owed Mrs. Hayes the amount Mrs. Hayes claimed. Because evidence showed that Mr. Hayes borrowed the money from Mrs. Hayes to pay child support to his former spouse and to improve his separate property, the trial judge's finding that the debt was separate debt was not plainly wrong. Once it so found, the trial court should have decided whether to order Mr. Hayes to pay the debt, taking into consideration the factors specified in Code § 20-107.3(E).

Therefore, we reverse the judgment and remand the case to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.